ROGERS, Justice
 

 (dissenting).
 

 With all due respect for the views expressed in the majority opinion, rendered on rehearing, I feel compelled to differ from them and in the conclusions to which they lead. I do not find any substantial ground for the remand of the case in order to permit the introduction of extrinsic evidence to show the intention of the parties in executing the contract of June 17, 1941. The case was fully tried in the district court, heard by the Court of Appeal and considered by this Court on both the original hearing and rehearing. All the relevant evidence is in the record, and the Court should review and decide the case on the record as it is now made up.
 

 The only extrinsic evidence that was offered and excluded on the trial of the case in the district court was the oral testimony of M. M. Morelock, the attorney who prepared the agreement entered into by the heirs of John L. Garrett and his surviving widow, Mrs. Mary McKinnon Garrett, and also a certain letter written by Mr. More-lock to J. B. Garrett, of Haynesville, Louisiana. Mr. Morelock, as a witness for the heirs of Garrett by his first marriage, was asked on direct examination what the parties to the instrument he had prepared intended to convey thereby. On objection by counsel for Mrs. Mary McKinnon Garrett that the agreement was not ambiguous and was satisfactory to him, the trial judge excluded the testimony. On cross-examination Mr. Morelock was asked and admitted that he had written the original of a carbon copy of the letter which was shown to him by counsel for Mrs. Garrett. The letter was dated May 17, 1941, and addressed to J. B. Garrett, at Haynesville, Louisiana. Asked if he had sent copies of the letter to the various children, Mr. Morelock replied that he thought a copy was sent to every one of them. When counsel for Mrs. Garrett offered the letter in evidence, counsel for the children of the first marriage of John L. Garrett objected to the offer and the objection was sustained for the reason as announced by the trial judge that he had ruled “in support of the contention of counsel that the agreement is not ambiguous,” and therefore there was no question as to intention. Whereupon, counsel for Mrs. Garrett stated that he was not offering the letter for the purpose of showing intention, “but for the purpose of showing the background leading up to the execution” of the agreement. In response to counsel’s statement, the trial judge announced his ruling as follows: “I see no occasion when the agreement is not am
 
 *709
 
 biguous for going into the background. Objection sustained.” Even if the testimony and letter of Mr. Morelock were improperly excluded, which I do not concede, there is an entire absence of any showing that if this evidence were admitted it would change the result reached by this Court on the original hearing.
 

 On further consideration of the case, in connection with the arguments of counsel on rehearing, I remain convinced that the reasons set forth in our original opinion are sound and that our decree based thereon should be reinstated and made the final judgment of this Court.